# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO PEREZ, | : | CIVIL NO. 1:CV-09-0173 |
|     Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| VIOLETTE GEZA-GANOE, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

On January 28, 2009, Julio Perez ("Perez"), an inmate at the Federal Correctional Institution at Schuylkill (FCI-Schuylkill), Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331. Named as defendants are employees and officials at the Federal Correctional Institution at McKeon and FCI-Schuylkill, as well as several Bureau of Prisons officials. Perez proceeds in forma pauperis in this matter.[1] (Doc. No. 2.) Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to any right Plaintiff may have to file a petition for writ of habeas corpus.

I.   **Allegations of the Complaint**

In the complaint Perez alleges that the events giving rise to this action occurred at FCI-McKeon. He states that during his initial medical intake screening he informed the FCI-McKeon

---

[1] Perez completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on February 6, 2009 (Doc. No. 9), directing the warden at FCI-Schuylkill to commence deducting the full filing fee from the prison trust fund account of Perez.

medical staff that he was HIV positive and had been prescribed a medication called Sustiva (generic name Efavirenz) that causes a "false positive" test result for cannabis. He was subsequently treated by Defendant Beam, a physician at FCI-McKeon, with Efavirenz for his condition. On a later occasion, he provided a urine sample, and a lab report was thereafter issued which indicated the presence of cannabis in his urine. The following day, he received an incident report charging him with a Code 112 violation, Use of Narcotics. Following the referral of the charges by the Unit Disciplinary Committee ("UDC") to the Disciplinary Hearing Officer ("DHO"), a hearing was conducted and Plaintiff was found guilty of the charge. He was sanctioned to the disallowance of 40 days of good credit time, 10 days of disciplinary custody and 180 day loss of social visiting privileges.

In the complaint, Plaintiff alleges impartiality during the DHO hearing as well as administrative appeals. He contends that both during the hearing and the appeals, favorable evidence submitted on his behalf establishing that he was on medication which could explain the positive test result was ignored. He further maintains that following the finding of guilt with respect to this incident, his urine was tested several times thereafter and that positive results yet he was never charged with a Code 112 violation. He now also points to a Memorandum that was issued following the hearing and appeals that supports his position that his medication causes a false positive for cannabis. He alleges that Defendants violated his rights during the course of the disciplinary proceeding and appeals by presenting evidence to negate the fact that Plaintiff's Efavirenz medication would cause a false positive test result. He further claims that Defendant Linden violated his Eighth and Fifth Amendment rights by failing to impartially conduct his disciplinary hearing. Plaintiff requests declaratory and injunctive relief, including the

restoration of the forfeited GCT, as well as monetary damages.

## II. Discussion

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

Plaintiff files this as a civil rights action pursuant to 28 U.S.C. § 1331. He seeks declaratory and injunctive relief, including the restoration of good conduct time, as well as damages, for actions allegedly taken by Defendants during the course of his disciplinary proceedings and the appeals that followed. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the rationale in Heck to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action: "[t]he principal

3

procedural defect complained of by the respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." Edwards, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for declaratory and injunctive relief related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. Id. at 646-47.

The instant action specifically seeks damages as well as the expungement of the disciplinary proceedings and the restoration of the lost good credit time. An award of damages would implicate the validity of the underlying disciplinary proceedings. Plaintiff cannot assert such a claim unless he can demonstrate that the DHO's decision regarding the misconduct was invalidated on administrative appeal or through issuance of a writ of habeas corpus. This he is unable to do as the documents attached to his complaint reveal that the DHO's decision was affirmed on appeal through the BOP's administrative remedy review system. Further, there is no indication that a petitioner for writ of habeas corpus challenge the validity of the misconduct proceeding was ever pursued, let alone resolved favorably to Plaintiff. Thus, because the disciplinary proceeding has not been determined unlawful, it is appropriate to dismiss the complaint pursuant to Heck and Edwards.

To the extent Plaintiff seeks to challenge the loss of good time credit imposed by the DHO, those allegations are not properly asserted in this proceedings. It is well-settled that a civil rights action may not be employed to challenge the fact or duration of a prisoner's confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). Plaintiff is free to file a habeas corpus petition if he so chooses, however the Court expresses no opinion as to the ultimate success of any petition filed. Accordingly, the instant complaint will

4

be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO PEREZ, | : | CIVIL NO. 1:CV-09-0173 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| VIOLETTE GEZA-GANOE, et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this 15th day of June, 2009, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to **close this case**.

3. Any appeal taken from this order will be deemed frivolous, without probable cause and not taken in good faith.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania