## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO PEREZ,** | **:** | **CIVIL NO. 1:CV-09-0173** |
| **Plaintiff,** | **:** | |
| | **:** | **(Chief Judge Kane)** |
| **v.** | **:** | |
| | **:** | |
| **VIOLETTE GEZA-GANOE, <u>et</u> <u>al</u>.,** | **:** | |
| **Defendants** | **:** | |

### MEMORANDUM

Julio Perez ("Perez"), an inmate at the Federal Correctional Institution at Schuylkill

(FCI-Schuylkill), Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331.

Named as defendants are employees and officials at the Federal Correctional Institution at

McKeon and FCI-Schuylkill, as well as several Bureau of Prisons officials. On June 15, 2009,

the Court conducted a preliminary screening of the complaint and dismissed it for failure to state

a claim pursuant to 28 U.S.C. § 1915(e)(2) (B)(ii). The dismissal was without prejudice to any

right Plaintiff may have to file a petition for writ of habeas corpus. (Doc. No. 15.) Presently

pending is Plaintiff's motion for reconsideration. (Doc. No. 17.) For the reasons that follow, the

motion will be denied.

### I.      Background

Perez alleges that the events giving rise to this action occurred at FCI-McKeon. He

states that during his initial medical intake screening he informed the FCI-McKeon medical staff

that he was HIV positive, and had been prescribed a medication called Sustiva (generic name

Efavirenz) that causes a "false positive" test result for cannabis. He was subsequently treated by

Defendant Beam, a physician at FCI-McKeon, with Efavirenz for his condition. On a later

occasion, he provided a urine sample, and a lab report was thereafter issued which indicated the

presence of cannabis in his urine. The following day, he received an incident report charging him with a Code 112 violation, Use of Narcotics. Following the referral of the charges by the Unit Disciplinary Committee ("UDC") to the Disciplinary Hearing Officer ("DHO"), a hearing was conducted and Plaintiff was found guilty of the charge. He was sanctioned to the disallowance of 40 days of good credit time, 10 days of disciplinary custody and 180 day loss of social visiting privileges.

In the complaint, Plaintiff alleges impartiality during the DHO hearing, as well as administrative appeals. He contends that both during the hearing and the appeals, favorable evidence submitted on his behalf establishing that he was on medication which could explain the positive test result was ignored. He further maintains that following the finding of guilt with respect to this incident, his urine was tested several times and produced positive results yet he was never charged with a Code 112 violation. He also points to a Memorandum that was issued following the hearing and appeals that he claims supports his position that his medication causes a false positive for cannabis.

Plaintiff alleges that Defendants violated his rights during the course of the disciplinary proceeding and appeals by presenting evidence to negate the fact that Plaintiff's Efavirenz medication would cause a false positive test result. He further claims that Defendant Linden violated his Eighth and Fifth Amendment rights by failing to impartially conduct his disciplinary hearing. Plaintiff requests declaratory and injunctive relief, including the restoration of the forfeited GCT, as well as monetary damages.

In dismissing Plaintiff's complaint the Court cited to Heck v. Humphrey, 512 U.S. 477 (1994), wherein the Supreme Court ruled that a constitutional cause of action for damages does

not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

The Court further cited to Edwards v. Balisok, 520 U.S. 641 (1997), wherein the Supreme Court extended the rationale in Heck to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action: "[t]he principal procedural defect complained of by the respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." Edwards, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for declaratory and injunctive relief related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. Id. at 646-47.

In the instant action Plaintiff specifically sought damages, as well as the expungement of the disciplinary proceedings and the restoration of the lost good credit time. The Court found that an award of damages would clearly implicate the validity of the underlying disciplinary proceedings. Plaintiff could not assert such a claim unless he could demonstrate that the DHO's decision regarding the misconduct was invalidated on administrative appeal or through issuance of a writ of habeas corpus. Plaintiff was unable to do so as the documents attached to his complaint revealed that the DHO's decision was affirmed on appeal through the BOP's administrative remedy review system. Further, there was no indication that a petition for writ of

habeas corpus challenging the validity of the misconduct proceeding was ever pursued, let alone

resolved in Plaintiff's favor.   Thus, because the disciplinary proceeding had not been determined

unlawful, the Court found it appropriate to dismiss the complaint pursuant to Heck and Edwards.


The Court further found that to the extent Plaintiff sought to challenge the loss of good

time credit imposed by the DHO, such allegations were not properly asserted in this proceeding.

It is well-settled that a civil rights action may not be employed to challenge the fact or duration

of a prisoner's or to seek earlier or speedier release.  Preiser v. Rodriguez, 411 U.S. 475 (1975).

The Court stated, however, that Plaintiff was free to file a habeas action if he wished to do so.

Based on the foregoing, the complaint was dismissed for failure to state a claim pursuant 28

U.S.C. § 1915(e)(2)(B)(ii).

In the pending motion for reconsideration Plaintiff sets forth two arguments.  He first

contends that the Court erred in failing to allow him to amend his complaint prior to dismissing

this action.  He next argues that if permitted to file an amended complaint, he would be able to

set forth claims that do not imply the invalidity of his disciplinary proceedings.  For the reasons

that follow, the Court finds Plaintiff's arguments to be without merit.

## II.     Motion for Reconsideration Standard

A motion for reconsideration is a device of limited utility.  Its purpose is to correct

manifest errors of law or fact or to prevent newly discovered evidence.  Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must

demonstrate at least one of the following grounds prior to the court altering, or amending, a

standing judgment: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to present manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III.    Discussion

In moving for reconsideration, Perez attempts to argue that this Court has made clear errors of law. To the extent he believes he is entitled to file an amended complaint prior to the dismissal of his action, he is mistaken. The filing of an amended complaint is not an absolute right. It is well-established that a complaint is properly dismissed, without leave to amend, where the complaint fails to establish any entitlement to relief under any reasonable interpretation. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). In other words, grant of leave to amend is not required where amendment would be futile in that it would

not cure the deficiency.

Plaintiff argues that he can particularize his claims against Defendants so as to set forth violations of his ". . . Eighth Amendment right against deliberate indifference by misrepresenting the content of his medical records" which he claims were prompted by a bias against him and others inmates who have HIV conditions. (Doc. No. 17 at 2.) He further claims that each Defendant "ignored evidence negating Defendant Geza-Ganoe's assertion that Efavirenz/Sustiva would not cause a positive test result for cannabis, and instead sustained Defendant Geza-Ganoe's assertion." (Id. at 3.) In advancing his argument that he should be permitted to proceed on "other procedural defects that exist in the disciplinary hearing" that would not necessarily imply the invalidity of the disciplinary hearing findings, Plaintiff relies on the case of Edwards v. Balisok, 520 U.S. 641 (1997). Plaintiff, however, misconstrues and misapplies the Edwards case.

Even if Plaintiff were to amend his complaint only to seek damages, the nature of his challenges to the procedures are such as necessarily imply the invalidity of the disciplinary hearing findings. Plaintiff still claims that Defendants ignored evidence at the hearing, and that biased misrepresentations made by Defendants led to his loss of good conduct time. Further, Plaintiff's own words belie his position when he states in his brief in support of reconsideration that "[a]t best, a finding against Defendant, Geza-Ganoe and others under the cause of action at issue, would result in another disciplinary hearing. . . ." (Doc. No. 18 at 8.) Clearly, this statement necessarily implies the invalidity of punishment imposed in the disciplinary hearing. For these reasons, Plaintiff's motion for reconsideration will be denied. An appropriate Order will issue.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO PEREZ,** | : | **CIVIL NO. 1:CV-09-0173** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **VIOLETTE GEZA-GANOE, et al.,** | : | |
| **Defendants** | : | |

## <u>ORDER</u>

   **AND NOW**, this 20th day of January, 2010, for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for

Reconsideration (Doc. No. 17) is **denied**.


                              S/ Yvette Kane
                              YVETTE KANE, Chief Judge
                              Middle District of Pennsylvania